**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| BRIAN DEGENHARDT, individually and on behalf of all others similarly situated;<br>    Plaintiff(s),<br><br>v.<br><br>PHILIP B. WILLETTE CO, LPA,<br>    Defendant. | Civil Action No: 4:20-cv-578<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES BRIAN DEGENHARDT ("Plaintiff"), by and through his attorneys, THE SHAWN JAFFER LAW FIRM, PLLC, brings this Class Action against Defendant PHILIP B. WILLETTE CO, LPA ("WILLETTE") on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge for violations of 15 U.S.C. § 1692 et seq., of the Fair Debt Collection Practices Act ("FDCPA").

**JURISDICTION AND VENUE**

1.     Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") for statutory damages, costs, and reasonable attorney's fees against the Defendant.

2.     This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3.     Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

## NATURE OF THE ACTION

4. Plaintiff brings this class action on behalf of a class of Texas consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

5. Plaintiff is seeking statutory damages, declaratory relief, costs, and attorney's fees against Defendant.

## PARTIES

6. Plaintiff is a natural person whose residence is 1281 Kirkwood Lane, Prosper, Texas 75078.

7. The "Consumer Debt" is an obligation or alleged obligation of the Plaintiff to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

8. The Consumer Debt arises from an unknown consumer debt allegedly owed to The Dental Office of Prosper.

9. Plaintiff is a "Consumer" meaning Plaintiff is a natural person who is obligated or allegedly obligated to pay any debt.

### PHILIP B. WILLETTE CO, LPA

10. Defendant Willette is a debt collector that regularly collects or attempts to collect debts due to third-parties, directly or indirectly, from consumers in the State of Texas and can be served with process at 9095 Cotswold Dr, Pickerington, OH 43147.

11. Defendant Willette is a person who engages in interstate commerce by using the telephone and mails in a business which the principal purpose is the collection of debts.

12. Defendant Willette is a debt collector as defined under 15 USC §1692(a)(6).

13.     At all times relevant, Willette was acting as a debt collector attempting to collect the Consumer Debt from the Plaintiff.

## CLASS ALLEGATIONS

14.     Plaintiffs bring this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15.     The Class consists of both:

    a.      All individuals who have received letters from Willette within the State of Texas;

    b.      where Defendant stated "This is an attempt to collect a debt"; and

    c.      which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

16.     The identities of all class members are readily ascertainable from the records of Defendant Willette and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17.     Excluded from the Plaintiff Classes are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18.     There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § *1692 et seq.* See **Exhibit A** Defendant Willette's letter to Plaintiff.

19.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff

Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff(s) nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § *1692 et seq.*

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are

    committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

23. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

24.     On or about June 19, 2020, Willette mailed a "Letter" to Plaintiff at his residence located at 1281 Kirkwood Ln, Prosper, Collin County, TX 75078. See a true and correct copy of the letter is attached hereto as **Exhibit A**.

25.     Willette wrote in the Letter that Plaintiff owed a Consumer Debt to his client AmerAssist, that legal action could be pursued if the debt was not paid, and instructed them how to pay their Consumer Debt.

26.     Underneath Philip B. Willete's signature was the following statement: "This is an attempt to collect a debt, and any information obtained will be used for that purpose." See **Exhibit A.**

27.     Also included on the backside of the Letter was the statutory 1692(g) language required by the FDCPA and the Rosenthal Fair Debt Collection Act notice in the collection letter to Plaintiff. See **Exhibit A**.

28.     Willette is not licensed to conduct business in the State of Texas. See **Exhibit B,** Texas Taxable Entity Search.

29.     Willette is not bonded in Texas as a Debt Collector. See **Exhibit C** Texas Debt Collector Search.

30.     Willette has engaged in illegal debt collection activities in the State of Texas for failure to be licensed and bonded in the state but engaging in debt collection activities within Texas with Texas residents.

31.     For these reasons, the Defendant Willette has violated the FDCPA.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 *et seq.* AS TO DEFENDANT WILLETTE

32.     Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

33. Willette's debt collection efforts against Plaintiff violated various provisions of the FDCPA.

34. Section §1692e states "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and provides a non-exhaustive list of false, deceptive, and misleading conduct prohibited by the statute including:

   (a) The false representation of the character, amount, or legal status of any debt; and

   (b) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

   **15 U.S.C. §1692 e(2), & e(10).**

35. Section §1692f provides a non-exhaustive list of unfair or unconscionable means to collect or attempt to collect any debt.

   (1) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, 15 U.S.C. §1692f; and

   (2) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, 15 U.S.C. §1692f(2).

36. For the aforementioned-reasons, Defendant Willette has violated §1692e, e(2), e(10), and f and f(1)..

37. For these reasons, Willette is liable to the Plaintiff and the putative class for statutory damages, costs, and reasonable attorney's fees.

## DEMAND FOR TRIAL BY JURY

38. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests that the Court enter judgment in favor of Plaintiff and the putative class and against Defendant for:

(1) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative, and Shawn Jaffer, Esq. as Class Counsel;

(2) Awarding Plaintiff and the Class statutory damages of $1,000 per Class member under the FDCPA;

(3) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(4) Awarding pre-judgment interest and post-judgment interest; and

(5) Awarding Plaintiff and the Class such other or further relief as the Court deems proper.

DATED: July 29, 2020                                      Respectfully Submitted,

**SHAWN JAFFER LAW FIRM PLLC**

/s/ *Shawn Jaffer*                          .
**Shawn Jaffer**
Texas Bar No.: 24107817
Email: shawn@jaffer.law
13601 Preston Rd E770
Dallas, Texas 75240
T:      (214) 494-1668
F:      (469) 669-0786
***Attorneys for Plaintiff***